UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Vincent Graham<br>Debtor<br><br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee for the Igloo Series IV Trust<br>v.<br><br>Vincent Graham<br>Roberta Graham – Co-Debtor<br>Jack N. Zaharopoulos<br>Respondents | CASE NO.: 23-00162-MJC<br><br>CHAPTER 13<br><br>Judge: Mark J. Conway<br><br>Hearing Date: April 12, 2024 @ 10:00 AM<br><br>Objection Deadline: March 19, 2024 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee for the Igloo Series IV Trust (on behalf of itself and together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 585-587 McKinley Street, Hazleton, PA 18201; vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a) and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. The Petition under Chapter 13 of the United States Bankruptcy Code was filed by the Debtor Vincent Graham on January 26, 2023.

2. Movant is the holder of a Note executed by Roberta Graham dated October 27, 2006, whereby the Debtor promised to repay $126,000.00 plus interest to Wells Fargo Bank, N.A. (the "Original Lender"). A copy of the Note is marked **Exhibit "A"** and attached hereto.

3. To secure the repayment of the Note, Roberta Graham, unmarried and Vincent

Graham, her son executed a Mortgage in favor of Wells Fargo Bank, NA, encumbering the Property commonly known as 585-587 McKinley Street, Hazleton, PA 18201, which Mortgage was recorded in the Official records of Luzerne County at Book 3006, Page 296247 (hereinafter "Mortgage"). Other than liens with statutory priority, Movant's mortgage is in first lien position. A copy of the recorded Mortgage is marked **Exhibit "B"** and attached hereto.

4. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. A copy of the chain of Assignments of Mortgage are marked **Exhibit "C"** and attached hereto.

5. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

6. Debtor entered into a loan modification effective November 1, 2013, with prior Mortgage servicer Wells Fargo Bank, N.A. that created a new principal balance of $71,300.00. A copy of the loan modification is attached hereto as **Exhibit "D."**

7. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due.

8. A copy of the Local Bankruptcy Form 4001-1 (the "Declaration"), outlining the post-petition default, is attached hereto as **Exhibit "E"**.

9. Under the Mortgage, payments were due in the amount of $1,290.82/month, which included principal and interest in the amount of $1,290.82.

10. The following monthly payments are now past due:

| **Monthly payments due** | **Amount** |
| --- | --- |
| February 1, 2023 through February 1, 2024 (13 monthly payments of $1,290.82 each month) | $16,780.66 |
| Motion for Relief Fees | $1,050.00 |
| Motion for Relief Costs | $199.00 |
| TOTAL | $18,029.66 |

11. The Debtor has failed to make current mortgage payments due under the terms of the Loan. As a result, the Loan remains post-petition due for February 1, 2023, and each subsequent payment thereafter.

12. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

13. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

14. Movant will be irreparably injured by continuation of the co-debtor stay imposed under 11 U.S.C. § 1301(a) absent payments from the Debtor and/or Co-Debtor. As such, the co-debtor stay should be lifted pursuant to 11 U.S.C. § 1301(c)(3), and Movant should be permitted to proceed against the Co-Debtor.

15. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the co-debtor stay imposed under 11 U.S.C. § 1301(a) of the Bankruptcy Code be modified and terminated for cause to permit Movant to pursue its rights against the Co-Debtor under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

16. Movant respectfully requests reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $199.00.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 585-587 McKinley Street, Hazleton, PA 18201; vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a); and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: March 5, 2024

By: /s/ Lauren Moyer
Lauren Moyer, Esq.
**FRIEDMAN VARTOLO LLP**
Attorneys for SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee for the Igloo Series IV Trust
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com